IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

---

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR, :<br><br>        Plaintiff,<br><br>v.<br><br>RICARDO SILVA, MARYLAND ASSOCIATION:<br>OF CORRECTIONAL & SECURITY<br>EMPLOYEES, INC.,  CHARLES EZRINE,<br>STATE EMPLOYEE BENEFITS, INC.,<br>AMERIGUARD SECURITY SERVICES, INC.,<br>MARYLAND ASSOCIATION OF<br>CORRECTIONAL & SECURITY EMPLOYEES<br>HEALTH & WELFARE PLAN, and MARYLAND:<br>ASSOCIATION OF CORRECTIONAL &<br>SECURITY EMPLOYEES RETIREMENT PLAN, :<br><br>        Defendants. | Civil Action<br><br>No. 1:15-cv-03484-JKB |

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANT AMERIGUARD SECURTY SERVICES, INC.'S
DEMAND FOR A JURY TRIAL**

Thomas E. Perez, Secretary of Labor, United States Department of Labor, for the following reasons moves to strike Defendant AmeriGuard Security Services, Inc.'s ("AmeriGuard") demand for a jury trial.

**I.      INTRODUCTION**

Thomas E. Perez, Secretary of Labor ("Secretary"), United States Department of Labor alleged in his Complaint that AmeriGuard violated Sections 402, 403, 404, 405, and 406 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* by

breaching various obligations as a fiduciary to the Maryland Association of Correctional & Security Employees Health and Welfare Plan ("Health Plan") and as a fiduciary to the Maryland Association of Correctional & Security Employees Retirement Plan ("Retirement Plan") (collectively the "Plans"). The Plans are employee benefit plans within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). Consistent with the nature and purpose of ERISA, the Secretary requested equitable remedies authorized under §§502(a)(2) and (5) of ERISA, 29 U.S.C. §1132(a)(2) and (5). As this action seeks solely equitable remedies, AmeriGuard is not entitled to a jury trial and AmeriGuard's request for a jury trial should be stricken.

## II.    ARGUMENT

ERISA was designed to protect the interests of participants and beneficiaries of employee benefit plans by establishing standards of conduct for fiduciaries rooted in the common law of trusts. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110-111 (1989); *Central States, Southeast and Southwest Areas Pension Fund v. Central Transp. Inc.*, 472 U.S. 559, 570 (1985). ERISA imposes a fiduciary duty that has been characterized as "the highest known to law." *Kuper v. Iovenko*, 66 F.3d 1447, 1453 (6th Cir. 1995) (*citing Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1468 (5th Cir. 1986)). To enforce its provisions, Section 502 of ERISA authorizes suits against, *inter alia*, fiduciaries who breach their fiduciary duties under a given covered plan. 29 U.S.C. § 1132(a).

The Seventh Amendment guarantees the right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amend. VII. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights

alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).  By its terms, ERISA does not provide for jury trials. *Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46 (3d Cir. 1985).

Where a statute is silent as to jury trials, courts must engage in a two-pronged analysis.  First, courts must "compare the...action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Int'l Fin. Servs. Corp. v. Chromas Technologies Canada, Inc.*, 356 F.3d 731, 735-36 (7th Cir. 2004) (citing *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). Second, courts must examine the remedy sought and determine whether it is legal or equitable in nature." *Id*.  The latter inquiry is more important than the former. *Int'l Fin. Servs. Corp.*, 356 F.3d at 735-36 (7th Cir. 2004) (citing *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 42 (1989); *Lebow v. American Trans Air, Inc.,* 86 F.3d 661, 668 (7th Cir.1996).  The Seventh Amendment requires a jury trial in actions that would have been brought in English law courts, as opposed to courts of equity, prior to the amendment's adoption in 1791. *Tull*, 481 U.S. at 417.

### A. ERISA actions for fiduciary breach are equitable actions.

The Secretary's action here, under ERISA Sections 502(a)(2) and 502(a)(5), is wholly equitable in nature, and thus does not provide for a jury trial. [ECF No. 1, p. 1.]  As stated above, ERISA adopted principles of the common law of trusts. Under the common law of trusts, suits against fiduciaries to enforce fiduciary duties were equitable. *Cigna Corp. v. Amara*, 563 U.S. 421, 439 (2011) (action against a plan fiduciary "is the kind of lawsuit that, before the merger of law and equity respondents could have brought only in a court of equity.") *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993) ("[A]t common law, the courts of equity had exclusive

3

jurisdiction over virtually all actions by beneficiaries for breach of trust."); *Restatement (Second) of Trusts*, § 197 at 433 (1959); G. Bogert, *The Law of Trusts and Trustees*, § 870 at 123 (rev. 2d ed. 1995); III. A. Scott, *The Law of Trusts*, § 197 at 188 (4th ed. 1988).

The Fourth Circuit, among other courts, has held plaintiffs in ERISA actions are not entitled to jury trials. *Wood v. General Dynamics, Corp.,* __ F. Supp.3d __, 2016 WL 258260, *at 5 (M.D.N. C. Jan. 19, 2016), citing *Berry v. Ciba-Geigy Corp.,* 761 F.2d 1003, 1007 (4th Cir. 1985), *see, e.g.*, *Phelps v. C.T. Enters., Inc.,* 394 F.3d 213, 222 (4th Cir.2005); *Biggers v. Wittek Indus., Inc.,* 4 F.3d 291, 298 (4th Cir.1993). Further, other courts have consistently interpreted ERISA actions to lie in equity, and found that no right to a jury trial exists. *Sprague v. General Motors Corp.*, 133 F.3d 388, 406 (6th Cir. 1998) ("Although the plaintiffs sought a jury trial on their ERISA claims, our circuit precedent teaches that they were not entitled to one."); *Reese v. CNH America LLC*, 574 F.3d 315, 327 (6th Cir. 2009); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990); *Crews v. Central States, Southeast and Southwest Areas Pension Funds*, 788 F.2d 332, 338 (6th Cir. 1980); *Stewart v. KHD Deutz of America Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980); *Turner v. Leesona Corp.*, 673 F. Supp. 67, 71 (D.R.I. 1987).

**B.     The Secretary's requested remedies for fiduciary breach are equitable remedies.**

The remedies requested by the Secretary for fiduciary breach under ERISA Sections 502(a)(2) and 502(a)(5) in this case are all remedies typically, if not solely, available in equity, and thus do not require a jury trial. The Supreme Court has held that the equitable remedies available to plaintiffs as "appropriate equitable relief" against non-fiduciary defendants under

Section 502(a)(3)[1] are those "*typically* available in equity." *Mertens*, 508 U.S. at 256 (emphasis in original); *Amara*, 563 U.S. at 439. In making this inquiry, the Court has held that it is appropriate to consult "standard current works such as Dobbs, Palmer, Corbin, and the Restatements." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 217 (2002).

Section 502(a)(2) provides certain specific remedies to plaintiffs suing on behalf of ERISA-covered plans. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985). Section 502(a)(2) incorporates Section 409, 29 U.S.C. § 1109, which reads:

> [F]iduciaries ...shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

*Id.*

In his Complaint in this action, the Secretary requested judgment:

1. Requiring Defendants MACSE, Silva, SEBI, Ezrine, and AmeriGuard to jointly and severally restore all losses caused to the Plans as a result of their fiduciary breaches;

2. Permanently removing Defendants MACSE, Silva, SEBI, and Ezrine as a fiduciary of the Plans;

3. Barring Defendant MACSE, Silva, SEBI, and Ezrine from becoming a fiduciary for any ERISA plan in the future;

4. Appointing an independent fiduciary, appropriately bonded pursuant to ERISA § 412, 29 U.S.C. § 1112, with control over the Plans and its assets at the expense of the Defendants AmeriGuard, MACSE, Silva, SEBI, and Ezrine;

---

[1] Sections 502(a)(3) and 502(a)(5) both contain the language "appropriate equitable relief," and have thus been interpreted in parallel. *See Mertens*, 508 U.S. at 260.

      5.      Requiring Defendants AmeriGuard, MACSE, Silva, SEBI, and Ezrine to, in cooperation with the independent fiduciary, distribute the current assets of the Plans to the participants and beneficiaries, and remedy the administrative and regulatory consequences of the failure to jointly administer the Plans;

      6.      Barring the Defendants AmeriGuard, MACSE, Silva, SEBI, and Ezrine from engaging in any future violations of ERISA;

      7.      Awarding, plaintiff, Secretary of Labor, the costs of this action; and

      8.      Granting such other relief as may be equitable, just, and proper.

Secretary's Complaint. [ECF No. 1, pp. 16-17.]

Remedies 2, 3, 6 and 8 are unquestionably a form of injunctive relief. Injunctive relief is a quintessential form of equitable relief. *Amara*, 131 S.Ct. at 1880; *Mertens*, 508 U.S. at 256. Remedies 1, 4, 5, and 7 are equitable as well. Remedy 1 requests the restoration by the fiduciaries to the Plan of all losses caused by the fiduciaries' breach of duty either pursuant to the specific language authorizing such relief in Section 409, or as "appropriate equitable relief" under Section 502(a)(5). This relief extends not only to direct losses but also to other forms of relief, such as requesting the appointment of an independent fiduciary to carry this restoration and termination out, and requesting an award of costs to the Secretary for pursuing this restoration and termination. As mentioned above, *Great-West* specifically directs litigants and courts to "standard current works," as well as case law, to define equitable remedies under ERISA. 534 U.S. at 217; *Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 368 (2006). Following that guidance, in a suit against a fiduciary for breach of duty, the fiduciary can be required to provide "make-whole" relief–that is, to restore the beneficiary to the "position in which he would have been if the trustee had not committed the breach of trust." *Restatement, supra*, § 205 cmt. a,

6

at 458; *see also id*. § 205 at 458; A. Scott, *supra*, § 199.3 at 206 ("If the trustee has committed a breach of trust, the beneficiaries can maintain a suit in equity to compel him to redress the breach of trust, either by making specific reparation or by the payment of money or otherwise."); *id*. § 199 at 203-04, 206 (listing money payment designed to redress fiduciary breach as one of the "equitable remedies" available to a beneficiary). In the comments, the Restatement makes clear that the breaching trustee is liable for monetary payment as part of putting the plaintiff back in the position he would have been in without the breach. *Restatement, supra*, § 205 illus. 1 at 459.

Remedy 4, which requested the appointment of an independent fiduciary to terminate the Plan, distribute its assets to the participants and beneficiaries, and conclude any plan-related matters connected with the proper termination of the Plan, is also equitable in nature. In *Chao v. Current Dev. Corp.*, the court held that an order imposing a constructive trust and transferring control of certain property from the fiduciary to the constructive trust for which an independent fiduciary was appointed was, in essence, an injunctive order. *Current Dev. Corp.,* 03 C 1792, 2008 WL 4681976, *at 2 (N.D. Ill. May 2, 2008) (citing *Great–West Life*, 534 U.S. at 213). The court held that "a distribution order that effectuates the injunctive relief that we ordered by imposing the constructive trust is itself injunctive relief." *Id*. In Remedy 4, the Secretary requested the appointment of an independent fiduciary to effectuate the injunctive relief of restoring the participants and beneficiaries to the positions in which they would have been if the trustee had not committed the breach of trust, making this an equitable remedy. Remedy 5, which requires cooperation with the independent fiduciary, is also equitable as without cooperation of the former fiduciaries the independent fiduciary will be unable to effectuate the injunctive relief ordered by the Court, and will not be able to restore the Plan participants and beneficiaries to the positions in which they would have been if the trustee had not committed the

breach of trust. Similarly, Remedy 7 requested an order awarding the Secretary the costs of bringing this action because the Secretary utilized public funds to restore the Plan participants and beneficiaries to the positions in which they would have been if the trustee had not committed the breach of trust. Therefore, Remedy 7 also constitutes equitable relief.

While Remedy 1 stands on its own as an available equitable remedy under Section 502, it may also be characterized as a request for the uniquely equitable remedy of surcharge. Surcharge is "relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty." *Amara*, 131 S.Ct. at 1880; *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 7 (1st Cir. 1999) (*citing* Black's Law Dictionary 1441 (6th ed. 1990)); *Morrissey v. Curran*, 650 F.2d 1267, 1282 (1st Cir. 1981); G. Bogert, Trusts and Trustees § 863, 17 (2d ed. 1962). A trustee was subject to surcharge for loss, destruction, or diminution in value of the trust property if he failed to exercise the requisite skill and care, which was measured by an ordinary prudent man standard. 2 Scott on Trusts § 176, 1419 (3d ed. 1967). Surcharge seeks to put the trust beneficiary back in the position he would have been in if not for the breach. *Restatement, supra*, § 205(a). Surcharge is similar to restitution in nature, but unlike restitution it is only available as an equitable remedy against a breaching fiduciary. *Amara*, 131 S.Ct. at 1879.

In sum, the remedies requested by the Secretary for fiduciary breach in this case, though they may require the payment of money to make the Plan whole, are all equitable in nature, and therefore, no jury trial is available.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike AmeriGuard's demand for a jury trial should be granted.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Post Office Address:

Office of the Solicitor
U. S. Department of Labor                                  Oscar L. Hampton III
Suite 630E, The Curtis Center                              Regional Solicitor
170 S. Independence Mall West
Philadelphia, PA   19106-3306                               /s/ Jessica R. Brown_____
(215) 861-5144                                              Jessica R. Brown
brown.jessica.r@dol.gov                                     Senior Trial Attorney
zzsol-phi-docket@dol.gov                                    PA 87322

Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR