**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR, | * * * * | |
| Plaintiff, | * * | Civil Action |
| v. | * * | No. 1:15-cv-03484-JKB |
| RICARDO SILVA, MARYLAND ASSOCIATION OF CORRECTIONAL & SECURITY EMPLOYEES, INC., CHARLES EZRINE, STATE EMPLOYEE BENEFITS, INC., AMERIGUARD SECURITY SERVICES, INC., MARYLAND ASSOCIATION OF CORRECTIONAL & SECURITY EMPLOYEES HEALTH & WELFARE PLAN, and MARYLAND ASSOCIATION OF CORRECTIONAL & SECURITY EMPLOYEES RETIREMENT PLAN, | * * * * * * * * * * * | |
| Defendants. | * | |

**MEMORANDUM IN SUPPORT OF DEFENDANT AMERIGUARD'S MOTION TO STRIKE DEFENDANT SILVA'S ANSWER ON BEHALF OF OTHER DEFENDANTS**

Defendant AmeriGuard Security Services, Inc. ("AmeriGuard") through its attorneys, Craig F. Ballew, Michael K. Hourigan, and Ferguson, Schetelich & Ballew, P.A., hereby moves to strike Defendant Ricardo Silva's answer to the extent it purports to answer on behalf of codefendants Maryland Association of Correctional & Security Employees ("MACSE"), the MACSE Health and Welfare Plan, and the MACSE Retirement Plan.

## I. INTRODUCTION.

In this Complaint, Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, alleges that the Defendants have violated certain Sections of the Employee Retirement Income Security Act of 1974 ("ERISA"). On or about February 9, 2016 individual Defendant

Ricardo Silva filed his answer to the complaint. That document purports to answer on behalf of several codefendants in this action: MACSE, the MACSE Health and Welfare Plan, and the MACSE Retirement Plan. Defendant Silva cannot act as counsel to these codefendants. As such, AmeriGuard moves to strike that portion of Defendant Silva's answer purporting to respond on behalf of these other defendants.

## II. STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12.

The District of Maryland Local Rules require that all parties not represented *pro se* to be represented by counsel.

> **RULE 101. 1. Who May Appear as Counsel; Who May Appear Without Counsel**
>
> a) Generally: Except as otherwise provided in this Rule and in L.R. 112.3 and 28 U.S.C. § 515, only members of the Bar of this Court may appear as counsel in civil cases. Individuals who are parties in civil cases may only represent themselves. Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure. All parties other than individuals must be represented by counsel. LAR 101.1.

## III. ARGUMENT.

### A. A *Pro Se* Litigant Cannot Represent Other Parties.

Defendant Silva's Answer begins with the following:

> Ricardo R. Silva, representing himself; the President of the Maryland Association of Correctional & Security Employees; himself and Robert LaRhue as the sole Trustees of the Maryland Association of Correctional & Security

> Employees Health & Welfare Plan and the Maryland Association of Correctional & Security Employees Retirement Plan, now responds, *pro se*, due, in large part, because of the extreme financial situation of his present finances, that of the Union and the Health & Welfare and Pension Plans today to the charges filed by the Secretary of Labor in the above captioned case, …
>
> Def.'s Answer 1, ECF No. 28.

As an individual, Defendant Silva is permitted to represent himself *pro se*. He cannot, however, represent other parties. Local Rule 101.1(a) confirms that Silva's status as a *pro se* litigant precludes his representation of other parties in the same action. This point is also confirmed in *Pridgen v. Andresen*, 113 F.3d 391, 392–93 (2nd Cir.1997). In that case, the Second Circuit noted that "a person ordinarily may not appear *pro se* in the cause of another person or entity." (a pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"). Mr. Silva's role as a *pro se* litigant begins and ends with his own representation.

B. Artificial Legal Entities Must Be Represented by Licensed Counsel.

It is well settled that corporations and other associations may not appear in federal court *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). This principle has been confirmed in several unpublished Fourth Circuit decisions. In *Allied Colloids, Inc. v. Jaidair, Inc.*, No. 96-2078, 1998 WL 112719(4th Cir. 1998) the Fourth Circuit affirmed a default judgment against a corporation. The corporation's owner and president filed an answer on behalf of the corporation. Citing the *Rowland* decision, the Fourth Circuit reiterated that a corporation could not appear *pro se* and must be represented by "duly licensed counsel." It reached the same conclusion in *In re Stanley James Development Corporation*, 182 Fed. Appx. 237 (4th Cir. 2006).

Earlier this year, Judge Ellen Hollander reached the same conclusion in *Williams v. Dee Miracle Auto Group, LLC*, 2016 WL 363829 (D. Md. 1/29/2016). In that case, the plaintiff filed a default judgment against the defendants. Defendant Demont Bell filed what the Court interpreted

as a motion to vacate the default judgment. Although Judge Hollander granted the motion as to defendant Bell she denied it as to Defendant Dee Miracle Auto Group, LLC. Reviewing the existing case law, Judge Hollander concluded that an LLC could not represent itself, nor could it appear through a non-attorney member.[1]

C. Unions, Welfare Plans, and Retirement Plans Are Artificial Legal Entities.

Although not frequently addressed, it is clear that a union is an artificial legal entity. In *Shimman v. Frank*, 625 F.2d 80 (6th Cir. 1980), the Sixth Circuit addressed a union's liability for assaults of dissident members at a union meeting. In rendering its decision on the liability of the defendant unions, the court noted that "Unions, like corporations or other artificial entities, can only act through their agents." *Shimman* 625 F.2d at 94.

In *Elizabeth Teachers Union v Elizabeth Board of Education*, 1990 WL 174654 (D. N.J. 1990), the plaintiff filed its complaint *pro se*. In granting the defendants' motion to dismiss, the court recognized that a union was an artificial entity and, like a corporation, was barred from trying to represent itself in court.

For similar reasons, trustees of a pension or health and welfare fund cannot seek to represent the fund in court. Non-lawyer trustees were not permitted to represent their trusts associated with a honey farm in *Knoefler v. United Bank of Bismarck*. 20 F.3d 347, 347-48 (8th Cir. 1994). Furthermore, in *C.E. Pope Equity Trust*, 818 F.2d 696, 698 (9th Cir. 1994) the Ninth Circuit made it clear that a trustee "may not claim that his status as trustee includes the right to

---

[1] Other decisions have reached similar holdings. In *Square Ring, Inc. v. Talford*, No. 3:09CV84-RJC-DSC, 2009 WL 1872199, at *1 (W.D.N.C. June 29, 2009), the plaintiff filed a "Motion to Strike Purported Answer of Corporate Defendant." The defendant had attempted to move forward in litigation as a pro se representative of a company. In granting the plaintiff's motion, the court recognized that "it has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel." Id. at 1. *Gilley v. Shoffner*, 345 F. Supp. 2d 563, (M.D.N.C. 2004) provides another example of courts' refusal to allow artificial legal entities to proceed in litigation pro se.

present arguments *pro se* in federal court." *C.E. Pope Equity Trust*, 818 F.2d at 698. In both appellate decisions, trustees were barred from representing their trusts *pro se*, and the trusts were required to be represented by licensed counsel.

MACSE, the MACSE Health and Welfare Plan, and the MACSE Retirement Plan are all artificial legal entities. MACSE is a union that represents the interests of a group of workers. The MACSE Health and Welfare Plan administers the health benefits of that same group of workers. The MACSE Retirement Plan administers the retirement benefits of the same group. These artificial legal entities may not proceed *pro se*. As with corporations, partnerships, or any other association of persons, the entity must be represented by licensed counsel. As a non-attorney, Defendant Silva cannot represent MACSE, the MACSE Health and Welfare Plan, or the MACSE Retirement Plan.

## IV. CONCLUSION.

To the extent Defendant Silva's Answer is being provided on his behalf, the Answer stands. However, to the extent that the Answer attempts to respond on behalf of other defendants, it conflicts with Local Rule 101.1(a) and existing Federal case law. For these reasons, AmeriGuard requests that the Court Strike Defendant Silva's purported Answer on behalf of codefendants MACSE, the MACSE Health and Welfare Plan, and the MACSE Retirement Plan.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: /s/

Craig F. Ballew
Federal Trial Bar No.: 04932
Michael K. Hourigan
Federal Trial Bar No.: 28583
100 S. Charles Street, Suite 1401
Baltimore, Maryland 21201-2725
(410) 837-2200 (Phone)
(410) 837-1188 (Facsimile)

cballew@fsb-law.com
mhourigan@fsb-law.com
Attorneys for Defendant
AmeriGuard Security Services, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 22nd day of March, 2016, a copy of the foregoing Memorandum in Support of Defendant AmeriGuard's Motion to Strike Defendant Silva's Answer on Behalf of Other Defendants was served via First Class Mail or the Court's CM/ECF system, as appropriate on:

Jessica R. Brown, Esquire
United States Department of Labor
Office of the Regional Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
*Attorneys for Plaintiff*

Kimberly Lynn Bradley, Esquire
Brian G. Esders
Shauna Marie Barnaskas
Abato, Rubenstein and Abato P.A.
809 Gleneagles Court, Suite 320
Baltimore, MD 21286
*Attorneys for Defendants Charles S. Ezrine and State Employee Benefits, Inc.*

Mr. Ricardo Silva
Maryland Association of Correctional & Security Employees, Inc.
Maryland Association of Correctional & Security Employees Health & Welfare Plan
Maryland Association of Correctional & Security Employees Retirement Plan
3008 Edrich Way
Randallstown, MD 21133

/s/
*Attorneys for Defendant*
*AmeriGuard Security Services, Inc.*