**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THOMAS E. PEREZ, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> <br> Plaintiff, <br> <br> v. <br> <br> RICARDO SILVA, MARYLAND <br> ASSOCIATION OF CORRECTIONAL & <br> SECURITY EMPLOYEES, INC., CHARLES <br> EZRINE, STATE EMPLOYEE BENEFITS, INC., <br> AMERIGUARD SECURITY SERVICES, INC., <br> MARYLAND ASSOCIATION OF <br> CORRECTIONAL & SECURITY EMPLOYEES <br> HEALTH & WELFARE PLAN, and MARYLAND <br> ASSOCIATION OF CORRECTIONAL & <br> SECURITY EMPLOYEES RETIREMENT PLAN, <br> <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action <br> <br> No. 1:15-cv-03484-JKB |

## REPLY MEMORANDUM

Defendant AmeriGuard Security Services, Inc. ("AmeriGuard") through its attorneys, Craig F. Ballew, Michael K. Hourigan, and Ferguson, Schetelich & Ballew, P.A., submits the following Reply Memorandum in response to Defendant Ricardo Silva's Opposition to Defendant AmeriGuard's Motion to Strike.

   I.   Mr. Silva May Only Represent Himself.

It is well settled that a *pro se* litigant may only represent himself. *See Pridgen v. Andresen,* 113 F.3d 391, 392–93 (2nd Cir.1997). Mr. Silva lobbies the Court to create an *ad hoc* exception allowing him to circumvent the laws limiting representation of parties appearing before the court. Mr. Silva's pleas are based on the purported financial distress of MACSE and the Plans. Nevertheless, the law clearly states that a *pro se* litigant may not represent anyone but himself, and

there is no basis for an exception based on claims of financial hardship. As discussed in the Motion to Strike, Mr. Silva is limited to his own representation; the Union MACSE and its Plans must be represented by licensed counsel because they are artificial legal entities.

   II.   <u>No "Financial Hardship" Exception Exists Allowing Silva To Represent Others</u>.

   Mr. Silva's Opposition does not address the case law and Rules set forth in AmeriGuard's Motion to Strike. Instead he focuses on the purported financial hardships of MACSE and the Plans. No exceptions allow artificial legal entities to proceed either *pro se* or through unlicensed counsel due to the purported inability to afford counsel. This Court ruled on this very issue in *U.S. v. Nazarian*, stating:

> Although courts have not had occasion to rule on whether the personal representative of an insolvent estate is excused from the ban on *pro se* representation, other organizational entities, such as corporations or non-profit entities, have not been permitted to proceed *pro se* simply because they lacked resources to pay counsel. *See, e.g., Taylor v. Knapp,* 871 F.2d 803, 806 (9th Cir.1989) (refusing to permit non-profit organization to proceed without counsel even though organization had argued it lacked funds to pay an attorney); *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366, 1366 (Fed.Cir.1983) ("Nothing in our Rules suggests that an exception is to be made because of the expense a corporation will incur by appearing through an attorney"); *Beaudreault v. ADF, Inc.,* 635 F.Supp.2d 121, 122 (D.R.I.2009) (declining to create an exception to requirement that corporations cannot proceed *pro se* based solely on a corporation's inability to pay for legal representation);

*U.S. v. Nazarian*, No. CIV.A. DKC 10-2962, 2011 WL 1559378, at *1 (D. Md. Apr. 25, 2011)

   In *Nazarian*, Judge Deborah K. Chasanow held there was no exception allowing artificial legal entities to appear *pro se* based on an inability to afford counsel. *See id*.

   The law is quite clear when applied to parties in this case, and Mr. Silva has failed to raise any arguments challenging the authority identified in AmeriGuard's Motion.[1]

---

[1] In his Opposition, Mr. Silva makes a self-serving and completely inaccurate assertion that AmeriGuard is "hugely responsible for this situation" and, thus, should pay for legal services. Def.'s Opp'n to Mot. to Strike 3, ECF No. 39. Discovery will continue to uncover all the evidence confirming the inaccuracy of this claim. In this moment, the only

## **CONCLUSION**

For these reasons, AmeriGuard requests that the Court Strike Defendant Silva's purported Answer on behalf of codefendants MACSE, the MACSE Health and Welfare Plan, and the MACSE Retirement Plan.

                              FERGUSON, SCHETELICH & BALLEW, P.A.

By:         /s/        
     Craig F. Ballew
     Federal Trial Bar No.:  04932
     Michael K. Hourigan
     Federal Trial Bar No.:  28583
     100 S. Charles Street, Suite 1401
     Baltimore, Maryland  21201-2725
     (410) 837-2200 (Phone)
     (410) 837-1188 (Facsimile)
     cballew@fsb-law.com
     mhourigan@fsb-law.com
     Attorneys for Defendant
     AmeriGuard Security Services, Inc.

---

issue properly before the Court is whether to strike Defendant Silva's purported answer on behalf of other codefendants.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 27th day of April, 2016, a copy of the foregoing Reply Memorandum to Defendant Ricardo Silva's Opposition to Defendant AmeriGuard's Motion to Strike Defendant Silva's Answer on Behalf of Other Defendants was served via First Class Mail or the Court's CM/ECF system, as appropriate on:

Jessica R. Brown, Esquire
United States Department of Labor
Office of the Regional Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA  19106-3306
*Attorneys for Plaintiff*

Kimberly Lynn Bradley, Esquire
Brian G. Esders
Shauna Marie Barnaskas
Abato, Rubenstein and Abato P.A.
809 Gleneagles Court, Suite 320
Baltimore, MD  21286
*Attorneys for Defendants Charles S. Ezrine and State Employee Benefits, Inc.*

Mr. Ricardo Silva
Maryland Association of Correctional & Security Employees, Inc.
Maryland Association of Correctional & Security Employees Health & Welfare Plan
Maryland Association of Correctional & Security Employees Retirement Plan
3008 Edrich Way
Randallstown, MD 21133

                                               /s/
                                       *Attorneys for Defendant*
                                       *AmeriGuard Security Services, Inc.*