## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THOMAS E. PEREZ,             *
SECRETARY OF LABOR,
U.S. DEPARTMENT OF LABOR,    *

    **Plaintiff**            *

    **v.**               *        **CIVIL NO. JKB-15-3484**

**RICARDO SILVA,** *et al.*,       *

    **Defendants**       *

*   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM

Thomas E. Perez, the Secretary of the United States Department of Labor ("the Secretary"), by and through counsel, brought an action under the Employee Retirement Income Security Act ("ERISA" or "the Act") of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*, naming as Defendants Ricardo Silva ("Silva"); the Maryland Association of Correctional and Security Employees, Inc. ("MACSE"); the MACSE Health & Welfare Plan and the MACSE Retirement Plan (together, "the Plans"); Charles Ezrine ("Ezrine"); State Employee Benefits, Inc. ("SEBI"); and AmeriGuard Security Services, Inc. ("AmeriGuard"). The Secretary alleges that (1) MACSE, a labor union that represents security guards employed at the Centers for Medicare and Medicaid Services, sponsored the Plans for the benefit of its members; (2) Silva, MACSE, Ezrine, SEBI, and AmeriGuard ("the Fiduciary Defendants") qualify as fiduciaries, as defined by ERISA, with respect to the Plans;[1] and (3) the Fiduciary Defendants violated various provisions of ERISA and breached their fiduciary

---

[1] The Secretary alleges that Silva, MACSE, and AmeriGuard are fiduciaries with respect to both Plans, while Ezrine and SEBI are fiduciaries with respect to the MACSE Health & Welfare Plan. (ECF No. 1 at 3-4.)

duties, resulting in losses to the Plans.  The Secretary seeks monetary and injunctive relief pursuant to sections 502(a)(2)[2] and (5)[3] of ERISA, 29 U.S.C. § 1132(a)(2), (5).

Now pending before the Court are two procedural motions:  (1) the Secretary's Motion to Strike [AmeriGuard's] Demand for a Jury Trial (ECF No. 27), filed pursuant to Rule 12(f) of the Federal Rules of Civil Procedure; and (2) AmeriGuard's Motion to Strike [Silva's] Answer on Behalf of Other Defendants (ECF No. 35), also filed pursuant to Rule 12(f).[4]  The issues have been briefed, and no hearing is required, *see* Local Rule 105.6 (D. Md. 2014).  For the reasons explained below, both motions will be GRANTED.

## I.   *Motion to Strike [AmeriGuard's] Demand for a Jury Trial (ECF No. 27)*

The Secretary moves pursuant to Rule 12(f) to strike AmeriGuard's demand for a jury trial, which demand it included in its Answer.  (*See* ECF No. 19 at 11.)[5]  The Secretary's motion also implicates Rule 39(a), which provides that when a jury trial has been demanded, "[t]he trial on all issues so demanded must be by jury unless . . . the court . . . finds that on some or all of those issues there is no federal right to a jury trial."

---

[2] Section 502(a)(2) of ERISA provides that a civil action may be brought "by the Secretary . . . for appropriate relief" under section 409, 29 U.S.C. § 1109.  That section in turn provides as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

[3] Section 502(a)(5) of ERISA provides, with narrow exceptions, that a civil action may be brought "by the Secretary (A) to enjoin any act or practice which violates any provision of [title I of ERISA], or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of [title I]."

[4] The Court questions whether AmeriGuard, as a co-Defendant in this action, has standing to challenge the propriety of Silva's Answer (particularly because, to date, Silva has not pleaded a cross-claim against AmeriGuard).  However, pursuant to Rule 12(f)(1), the Court has authority to strike immaterial or improper content from a pleading *sua sponte*.  As discussed below, Silva's attempt to answer on behalf of MACSE and the Plans is impermissible under Local Rule 101.1.a (D. Md. 2014) and well-settled case law, and so the Court would exercise its *sua sponte* authority regardless of AmeriGuard's motion.  Accordingly, the Court need not further consider whether AmeriGuard has standing to present such a motion.

[5] Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Jury trials are available in some federal civil cases as a matter of congressional grace and in others as a matter of constitutional guarantee. Where, as with ERISA, a statute is silent as to the availability of a jury,[6] a party may nevertheless demand one if the action would vindicate inherently *legal*, as opposed to *equitable*, rights. *See* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."); *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment . . . is preserved to the parties inviolate."); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) ("We have consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" (citation omitted)). The Supreme Court of the United States has expressly recognized that the Seventh Amendment's guarantee applies to "actions enforcing statutory rights . . . if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). "To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity . . . the Court must examine . . . the nature of the action and . . . the remedy sought." *Tull v. United States*, 481 U.S. 412, 417 (1987). First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417-18. The second

---

[6] *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985) (noting congressional "silence" on the availability of a jury in ERISA cases and opining that such silence returns the question to the common law of trusts, where "no jury trial obtains"), *abrogated in part on other grounds by Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

inquiry is more important than the first.  *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

In this case, the Secretary brings his suit under two prongs of ERISA's civil-enforcement section:  section 502(a)(2), which authorizes the Secretary to seek redress for breach of duty by any plan fiduciary; and section 502(a)(5), which more broadly authorizes the Secretary to sue to enjoin practices made unlawful by title I of ERISA or to "obtain other appropriate equitable relief" to redress any such violation.  To the extent that AmeriGuard demands a jury with respect to the Secretary's section 502(a)(5) claim, such a demand is foreclosed by the language of that section (which plainly authorizes equitable—*and only equitable*—relief) and by controlling authority.[7]  Therefore, the viability of AmeriGuard's jury demand turns on whether claims brought under section 502(a)(2) are inherently legal or equitable.  The United States Court of Appeals for the Fourth Circuit has not squarely addressed this question;[8] consequently, the Court must conduct the two-step *Tull* inquiry.

As to the first step, there is little doubt that actions brought under section 502(a)(2) are more akin to those actions traditionally adjudicated by the Chancellors at equity than to those adjudged in courts of law.  This is so because "issues raised under [section 502(a)(2)] for breach of fiduciary duty are examined under trust law principles and fiduciary standards."  *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 816 (E.D. Va. 1995); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) (observing that "ERISA

---

[7] In *Phelps v. C.T. Enterprises, Inc.*, 394 F.3d 213, 222 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that section 502(a)(3) of ERISA "entails no right to jury trial."  Section 502(a)(3) is materially similar to section 502(a)(5):  the key distinctions between the two sections are that section 502(a)(3) applies to plan participants, beneficiaries, and fiduciaries and can be invoked to redress violations of ERISA *or* plan terms, whereas section 502(a)(5) applies only to the Secretary and can be invoked only to redress violations of ERISA.  For purposes of the Seventh Amendment inquiry, these are distinctions without a difference.  *Cf. Mertens v. Hewitt Assocs.*, 508 U.S. 248, 260 (1993) ("[Section] 502(a)(5)[] authorizes relief in actions by the Secretary on the same terms ('appropriate equitable relief') as in the private-party actions authorized by [section] 502(a)(3).").
[8] *But see Dameron v. Sinai Hosp. of Balt., Inc.*, 815 F.2d 975, 981 (4th Cir. 1987) (noting in dicta that "for purposes of the [S]eventh [A]mendment right to a jury trial . . . actions under ERISA are equitable").

abounds with the language and terminology of trust law" and that the Act's legislative history confirms that its fiduciary-responsibility provisions codify and make applicable to ERISA fiduciaries certain principles originating in the law of trusts).  In *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993), the Supreme Court recognized that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust." More recently, the Court observed that a "suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust)" is the kind of suit that, before the merger of law and equity, "could have [been] brought only in a court of equity, not a court of law."  *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011). In light of this authority, the Court has no difficulty concluding, as other courts have done, that section 502(a)(2) proceedings are "inherently equitable," *Broadnax Mills*, 876 F. Supp. at 816; *accord Ehlen Floor Covering, Inc. v. Lamb*, No. 2:07-cv-666-FtM-29DNF, 2012 WL 1698351, at *2 (M.D. Fla. May 14, 2012).[9]

That conclusion does not end the Court's analysis, however, because under *Tull*, the Court must also consider the nature of the remedy sought.  As noted above, this second step of the *Tull* inquiry is "more important" than the first, *Terry*, 494 U.S. at 565.  And it is here that AmeriGuard concentrates its firepower, arguing that "the remedies the Secretary is seeking against AmeriGuard are legal in nature" because the Secretary has prayed, *inter alia*, for an order requiring AmeriGuard to "restore all losses to the Plans as a result of its alleged fiduciary breaches."  (ECF No. 32 at 4-5.)  In AmeriGuard's view, because the Secretary has not alleged that AmeriGuard presently holds property rightfully belonging to the Plans (or funds derived

---

[9] That Plaintiff here is the Secretary of Labor rather than a beneficiary of the Plans does not alter the Court's analysis.  Civil enforcement actions by federal regulators may be a somewhat modern innovation in American law, but the nature of the Secretary's action—seeking redress for breach of fiduciary duty on behalf of the Plan beneficiaries—is in substance no different than a suit by any one of those beneficiaries.  For that matter, section 502(a)(2) authorizes suits not only by the Secretary but also by a participant, beneficiary, or fiduciary of a plan.

therefrom), traditional equitable remedies have no bearing here, and the Secretary has effectively prayed for damages at law. (*Id.* at 5.)

In pressing its argument, AmeriGuard relies on *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), an ERISA case which concerned neither a claim for breach of fiduciary duty nor relief under section 502(a)(2) nor, for that matter, the Seventh Amendment right to a jury trial.   Rather, *Great–West* involved an attempt by an insurer to enforce a contractual reimbursement provision against a beneficiary through section 502(a)(3).[10]   The insurer characterized its prayed-for relief as equitable restitution, but the Court saw through the insurer's façade, holding that it was essentially "seeking legal relief[,] the imposition of personal liability on [the beneficiary] for a contractual obligation to pay money," which relief is unavailable under section 502(a)(3).  *Id.* at 221.   In reaching this determination, the Court noted that "not all relief falling under the rubric of restitution is available in equity," and it distinguished traditional forms of equitable restitution (such as a constructive trust or an equitable lien on property wrongfully held by the defendant) from restitution at law as derived from the writ of assumpsit (*i.e.*, a judgment imposing personal financial liability for breach of an express or implied contract).  *Id.* at 213.

True enough, there is no allegation here that "money or property identified as belonging . . . to the [Plans] could clearly be traced to particular funds or property in [AmeriGuard's] possession," *id.*   But equitable remedies extend beyond constructive trusts and liens—and AmeriGuard's reliance on *Great–West* is misplaced for several reasons.

First, as the United States District Court for the Northern District of Illinois observed in a closely analogous case, AmeriGuard

---

[10] As discussed in note 7, *supra*, section 502(a)(3) authorizes the same exclusively equitable relief available under section 502(a)(5).

> places too much weight on the Supreme Court's statement that restitution is
> considered legal when a plaintiff seeks to obtain a judgment imposing personal
> liability on a defendant to pay money, and too little on the accompanying portion
> of the analysis observing that "[s]uch claims were viewed essentially as actions at
> law for breach of contract . . . ."

*George v. Kraft Foods Global, Inc.*, No. 07 C 1713, 2008 WL 780629, at *3 (N.D. Ill. Mar. 20,

2008) (alterations in original) (quoting *Great–West*, 534 U.S. at 213).  In this case, unlike in

*Great–West*, the Secretary has invoked no contract rights whatsoever; rather, the Secretary

proceeds against AmeriGuard and the other Fiduciary Defendants in their capacities as

fiduciaries, capacities that are defined by ERISA itself.  It takes no remarkable erudition to

conclude that a restitutionary remedy for breach-of-contract (which is perhaps the epitome of a

legal claim) sounds in law rather than equity.  But the "*Great–West* analysis does not suggest

(much less hold) that a claim for restitution . . . for breach of fiduciary duty is a legal rather than

equitable claim."  *Id.*; *see also In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-2593-JWL, 2010

WL 4920919, at *4 (D. Kan. Nov. 29, 2010) ("[I]n *Great–West*, the Supreme Court was

considering a claim more akin to a breach of contract action, arising from a contractual duty

instead of a fiduciary duty, and the Court quite unremarkably determined that such a claim was a

legal claim . . . . The claim in the present case, on the other hand, is essentially a claim for breach

of trust arising from a non-contractual, fiduciary duty.").

Second, the monetary remedy that the Secretary has requested is comparable to

*surcharge*, a trust remedy that is "equitable in character and enforceable . . . in a court exercising

equity powers."  Restatement (Third) of Trusts § 95 (Am. Law Inst. 2012); *see also id.* cmt. b

("If a breach of trust causes a loss . . . the beneficiaries are entitled to restitution and may have

the trustee surcharged for the amount necessary to compensate fully for the consequences of the

breach.").  Indeed, the Supreme Court acknowledged in *Amara* that courts of equity "possessed

the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment," and that "prior to the merger of law and equity this kind of monetary remedy against the trustee, sometimes called a 'surcharge,' was '*exclusively equitable*.'"   563 U.S. at 441-42 (emphasis added) (citations omitted).[11]   Characterizing the proposed remedy here as a surcharge (rather than as damages) makes particular sense given that the Secretary seeks no compensation for himself, for his Department, or for the Government:  rather, should the Court grant his prayer, Defendants will be required to restore all losses to the Plans and thereafter distribute all Plan assets to the participants and beneficiaries.  (*See* ECF No. 1 at 16.)[12]

Third, the proposed surcharge is only one of numerous remedies requested in the Secretary's prayer.  The Secretary has also asked the Court to remove certain of the Fiduciary Defendants from their positions of trust and to bar them from serving as ERISA fiduciaries in the future; to appoint an independent fiduciary with control over the Plans, who will work with the Fiduciary Defendants to disburse Plan assets to the beneficiaries; to compel the Fiduciary Defendants to remedy the regulatory consequences stemming from their breach; to enjoin the Fiduciary Defendants from engaging in future ERISA violations; and to award costs to the Secretary.  (ECF No. 1 at 16.)  Taken as a whole, the relief requested is mainly injunctive in nature—and there can be no question that injunctive relief is inherently equitable.  *Cf. Broadnax Mills*, 876 F. Supp. at 817 ("Where a prayer for monetary relief actually seeks restitution or is 'intertwined' with equitable remedies, the nature of the relief is generally equitable." (citing

---

[11] Even apart from the other factors weighing against AmeriGuard's preferred application of *Great–West*, the Court would be hard-pressed to characterize the Secretary's requested relief as legal in light of *Amara*'s discussion of surcharge.  Significantly, AmeriGuard neither attempted to distinguish nor even cited *Amara* in its brief.

[12] In this respect, the proposed remedy is nothing like legal damages, *i.e.*, a "sum of money which a person wronged is entitled to receive from the wrongdoer as compensation for the wrong," *Damages*, Black's Law Dictionary (10th ed. 2014) (quoting Frank Gahan, *The Law of Damages* 1 (1936)).

*Terry*, 494 U.S. at 571)); *see also Tull*, 481 U.S. at 424 ("A court in equity was empowered to provide monetary awards that were incidental to or intertwined with injunctive relief.").

Finally, AmeriGuard's position—though perhaps not foreclosed by Fourth Circuit precedent—runs up against the clear weight of authority, as courts sitting nationwide have repeatedly held (in the years following *Great–West*, no less) that claims under section 502(a)(2) do not implicate the Seventh Amendment's jury guarantee. *See Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *8 (S.D. Ill. Apr. 18, 2007) ("The Court notes . . . that the overwhelming weight of authority in the federal courts holds that actions under ERISA [section] 502(a)(2) . . . are equitable in nature for purposes of the Seventh Amendment jury trial right."); *see also, e.g., Bauer–Ramazani v. Teachers Ins. & Annuity Ass'n of Am.–Coll. Ret. & Equities Fund*, No. 1:09-CV-190, 2013 WL 6189802, at *11 (D. Vt. Nov. 27, 2013); *Ehlen Floor Covering*, 2012 WL 1698351, at *2; *In re YRC Worldwide*, 2010 WL 4920919, at *6; *Toohey v. Wyndham Worldwide Corp. Health & Welfare Plan*, 673 F. Supp. 2d 1223, 1227 (D. Or. 2009); *In re First Am. Corp. ERISA Litig.*, No. SACV 07-01357-JVS (RNBx), 2009 WL 536254, at *4 (C.D. Cal. Feb. 9, 2009); *Beesley v. Int'l Paper Co.*, No. 06-703 DRH, 2009 WL 260782, at *6 (S.D. Ill. Feb. 4, 2009); *George*, 2008 WL 780629, at *5; *Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2007 WL 2316481, at *3 (S.D. Ill. Aug. 13, 2007).[13]

---

[13] To be sure, a handful of courts have concluded otherwise and have denied motions to strike jury demands in section 502(a)(2) cases. AmeriGuard cites three such cases: *Hellman v. Cataldo*, No. 4:12CV02177 AGF, 2013 WL 4482889 (E.D. Mo. Aug. 20, 2013); *Lamberty v. Premier Millwork & Lumber Co.*, 329 F. Supp. 2d 737 (E.D. Va. 2004); and *Bona v. Barasch*, No. 01 Civ. 2289(MBM), 2003 WL 1395932 (S.D.N.Y. Mar. 20, 2003). The Court notes, however, that both *Lamberty* and *Bona* were decided years before the Supreme Court clarified in *Amara* that surcharge—in the ERISA context—is an equitable remedy. *See* 563 U.S. 421, 442 (2011). And although *Hellman* was decided after *Amara*, it neither cites *Amara* nor discusses surcharge more generally.

The Court adds that in *Lamberty*, the plaintiff did not request *any* traditional equitable remedies (such as injunctive or declaratory relief): he simply sued to recover costs for medical bills and related expenses under a plan governed by ERISA. 329 F. Supp. 2d at 745. Moreover, the district judge who authored the opinion in *Lamberty* (the Honorable Rebecca Beach Smith) later distinguished her own opinion in *Termini v. Life Insurance Company of North America*, 474 F. Supp. 2d 775, 778-79 (E.D. Va. 2007), in which she granted a motion to strike a jury demand because (1) the requested relief was both legal and equitable and (2) the plaintiff's claims for breach of fiduciary duty were properly "examined under trust law principles and fiduciary standards, which are within the exclusive

Because the Secretary's section 502(a)(2) claim is most akin to those actions that would have been brought before the Chancellor prior to the merger of law and equity, and because the proposed remedies are equitable in nature, this action is not subject to the Seventh Amendment's jury guarantee.  Accordingly, AmeriGuard is not entitled to present its defenses before a jury, and the Secretary's Motion to Strike (ECF No. 27) will be GRANTED.

## II.    *Motion to Strike [Silva's] Answer on Behalf of Other Defendants (ECF No. 35)*

AmeriGuard moves pursuant to Rule 12(f) to strike Silva's Answer (which he styled as a "Response to Complaint") to the extent that Silva purports to represent the interests of MACSE and the Plans.[14]  The Court first observes that Silva's intentions in his Answer are somewhat ambiguous:  he employs plural pronouns, and he hints in his preamble that MACSE and the Plans lack the financial resources to retain counsel, but he never explicitly claims to represent those entities.  In his opposition brief, however, Silva makes his intentions clear, writing that "until such time, if any[,] that [MACSE and the Plans] are financially able to defend themselves," he should be "allowed to represent [those] parties until . . . other arrangements can be made."  (ECF No. 39 at 2.)  Unfortunately for Silva, his proposal is precluded by Local Rule 101.1.a (D. Md. 2014), which provides that "only members of the Bar of this Court may appear as counsel in civil cases" and that, while individuals may represent themselves, "[a]ll parties

---

jurisdiction of equity courts."  After *Termini*, *Lamberty* has limited persuasive value—particularly on the facts of this case.

[14] It is not clear whether AmeriGuard's Motion to Strike, which it filed on March 22, 2016, was timely.  The certificate of service appended to Silva's Answer does not indicate whether he served AmeriGuard; however, the Clerk electronically docketed his Answer on February 10, 2016.  If Silva *did* properly serve AmeriGuard, the corporation should have filed its motion within twenty-one days after service.  *See* Fed. R. Civ. P. 12(f)(2).  But because the Court cannot ascertain from the docket whether (or when) AmeriGuard was served, the Court will not enforce the time limits under Rule 12(f).  Moreover, the Court has authority under Rule 12(f)(1) to strike material from pleadings *sua sponte*, and it would exercise such power under these circumstances even were AmeriGuard's motion untimely.

On this subject, Silva is ADVISED that, even as a *pro se* Defendant, he must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, including those rules governing service.  *See* Fed. R. Civ. P. 5; Local Rule 102 (D. Md. 2014).  The Federal Rules are available online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  The Court's Local Rules are available at http://www.mdd.uscourts.gov/publications/forms/LocalRules.pdf.

other than individuals must be represented by counsel."  Silva does not hold himself out as an attorney; he is neither a member of this Court's Bar nor listed in Maryland's online attorney database, and he has not entered an appearance on behalf of MACSE or the Plans.  Thus, he cannot represent their interests in this litigation.

Local Rule 101.1.a, which the Court has neither the authority nor the inclination to override, is consistent with a long line of case law establishing that a "corporation may appear in the federal courts only through licensed counsel," *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see also Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887, 1998 WL 112719, at *1 (4th Cir. 1998) (unpublished table decision) (per curiam) ("[A]lmost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel."); *Elizabeth Teachers Union, AFT Local 733 v. Elizabeth Bd. of Educ.*, Civ. A. No. 90-3343, 1990 WL 174654, at *5 (D.N.J. Nov. 8, 1990) (*sua sponte* dismissing complaint filed on behalf of union by nonattorney union president).  Even assuming that Silva has accurately represented MACSE's grave financial circumstances, economic hardship is no exception to the bar on *pro se* representation of organizations.  *See United States v. Nazarian*, Civ. No. DKC 10-2962, 2011 WL 1559378, at *1 (D. Md. Apr. 25, 2011) (collecting cases for the proposition that "organizational entities . . . have not been permitted to proceed *pro se* simply because they lacked resources to pay counsel").

Silva alternatively contends that AmeriGuard—which is "hugely responsible for this situation"—should be "required to immediately pay for legal services," though he proffers that MACSE will "pay half the cost when it is in the position to do so."  (ECF No. 39 at 3.)  Of course, there is no mechanism by which the Court may properly order one defendant to shoulder the burden of other defendants' expenses at the outset of litigation, before the Court has reached

any determination as to the merits of any aspect of the case.  Should MACSE and the Plans retain counsel, and should counsel determine in good faith that a cross-claim is warranted by the facts and the law, counsel may plead such a cross-claim[15] in the entities' untimely Answer(s), which the Court anticipates—under the circumstances—that it will permit counsel to file.  But at this stage, the burden is on MACSE and the Plans to secure (and, presumably, to finance) such counsel.[16]

"A federal court rightly expects a lawyer to represent a litigant," as "[p]rofessional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response."  *C.E. Pope Equity Tr. v. United* States, 818 F.2d 696, 698 (9th Cir. 1987).  Because Silva is not a lawyer, he may not represent the interests of MACSE and the Plans.  AmeriGuard's Motion to Strike (ECF No. 35) will be GRANTED.

### III.  Conclusion

For the foregoing reasons, an Order shall enter GRANTING the Secretary's Motion to Strike [AmeriGuard's] Demand for a Jury Trial (ECF No. 27) and GRANTING AmeriGuard's Motion to Strike [Silva's] Answer on Behalf of Other Defendants (ECF No. 35).

DATED this 6th day of May, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[15] The Court offers no assessment as to the availability or the merit of any cross-claim.
[16] Moreover, should MACSE and the Plans fail to secure counsel FORTHWITH, the Court anticipates that the Secretary will move for judgment by default as to these Defendants, pursuant to Rule 55 of the Federal Rules of Civil Procedure.