IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THOMAS E. PEREZ,<br>  Secretary of Labor,<br>  United States Department of Labor, | * * * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-15-3484 |
| RICARDO SILVA *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order (ECF No. 71), asking the Court to quash most of the items in notices for depositions, pursuant to Federal Rule of Civil Procedure 30(b)(6), served upon the Secretary by Defendant AmeriGuard Security Services, Inc., and by Defendants Charles Ezrine and State Employee Benefits, Inc.  The Court has considered the motion, Defendants' responses in opposition (ECF No. 72 and 73), and Plaintiff's reply (ECF No. 74).  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  The motion will be granted, as modified by the Court.

The Court finds Plaintiff's arguments persuasive and particularly relies upon the reasoning of other judges of this Court in the cases of *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, Civ. No. WMN-08-984, 2010 WL 2572809 (D. Md. June 22, 2010), and *S.E.C. v. SBM Inv. Certificates, Inc.*, Civ. No. DKC-06-866, 2007 WL 609888 (D. Md. Feb. 23, 2007).  As was concluded in those cases, the undersigned has no difficulty in concluding that Defendants' notices seek, for the most part, attorney work product and that Defendants have

failed to justify any need for such. The only exception is for the items regarding calculation of damages, and Plaintiff does not object to those items.[1]

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a protective order (ECF No. 71) IS GRANTED, that items one through thirteen, sixteen, and seventeen of AmeriGuard's Rule 30(b)(6) notice ARE QUASHED, and that items one through nine of Ezrine and State Employee Benefits, Inc.'s Rule 30(b)(6) notice ARE QUASHED.

DATED this 16th day of February, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[1] AmeriGuard has pointed out in its opposition that Plaintiff erroneously referred to the unobjected-to items of damages in AmeriGuard's Rule 30(b)(6) notice and that the two items in that notice pertaining to damages are fourteen and fifteen. (Def. AmeriGuard's Opp'n 2 n.1.) Plaintiff has not challenged that correction, and the Court agrees that AmeriGuard's corrected reference is valid.