## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **THOMAS E. PEREZ,** | * | |
| **Secretary of Labor,** | | |
| **United States Department of Labor,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **CIVIL NO.  JKB-15-3484** |
| | * | |
| **RICARDO SILVA** *et al.*, | * | |
| | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM  AND  ORDER</u>

Now before the Court are two motions:

- Defendant AmeriGuard Security Services, Inc.'s Motion for Leave to Amend to Include a Cross-Claim (ECF No. 53), and

- Plaintiff Secretary Thomas E. Perez's Motion to Deem Admitted Plaintiff's Requests for Admissions (ECF No. 78).

AmeriGuard's motion has been opposed by Plaintiff and Defendants Charles Ezrine and State Employee Benefits, Inc. ("SEBI") (ECF Nos. 57 & 58), and AmeriGuard has filed replies to both responses in opposition (ECF Nos. 61 & 62).  Plaintiff's motion was opposed by Defendants Ezrine and SEBI (ECF No. 79); no reply was filed.  No hearing is required.  Local Rule 105.6 (D. Md. 2016).  AmeriGuard's motion will be granted, and Plaintiff's motion will be granted in part and denied in part.

### I. AmeriGuard's Motion to Amend

#### A. Standard for Motion to Amend

In the circumstances presented here, when a party's motion to amend pleadings is filed within the deadline that has been set in a scheduling order for filing motions for amendment of pleadings, a motion for permission to amend is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

#### B. Analysis

This action was brought by Plaintiff against seven Defendants, alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Specifically, Plaintiff alleges the Maryland Association of Correctional & Security Employees, Inc. ("MACSE") (a union of correctional and security employees), Ricardo Silva (president and chief executive officer of MACSE and of Ricardo Silva & Associates, Inc.), AmeriGuard (a security services company that provided security guards at the Centers for Medicare and Medicaid Services), State Employee Benefits, Inc. ("SEBI") (owned by Ezrine), and Ezrine were fiduciaries with respect to the Maryland Association of Correctional Security Employees Health & Welfare Plan ("Health Plan") and the Maryland Association of Correctional & Security Employees Retirement Plan ("Retirement Plan"). Plaintiff alleges Defendants breached their fiduciary duties to the Health Plan and the Retirement Plan, *inter alia*, by not providing proper

documentation for the Plans, by not establishing or maintaining proper procedures for funding and administering the Plans, by improperly commingling MACSE's assets with the Plans' assets, by charging improper administrative fees, by using one Plan's assets to pay another Plan's expenses, and by improperly transferring Plan assets to MACSE's general operating account. (Compl., ECF No. 1.)  Plaintiff seeks various forms of relief including requiring "MACSE, Silva, SEBI, Ezrine, and AmeriGuard to jointly and severally restore all losses caused to the Plans as a result of their fiduciary breaches."  (*Id.* Prayer for Relief.)

AmeriGuard is alleged to never have signed a plan document for the Health Plan (*id.* ¶ 25), to "have never appointed or even attempted to appoint a separate employer trustee to administer the Plans" (*id.* ¶ 27), to have never taken "any actions to monitor the Health Plan trustee or administrators" (*id.* ¶ 28), and to have never taken "any actions to monitor the Retirement Plan trustee or administrators" (*id.* ¶ 29).  Otherwise, the allegations are largely focused on the actions or inactions of MACSE, Silva, SEBI, and Ezrine.

Within the time set by the Court's scheduling order (ECF No. 47), AmeriGuard moved to amend its answer by adding a cross-claim against Silva, MACSE, Ezrine, and SEBI.  (ECF No. 53.)  Its basic gist is that AmeriGuard's conduct in relation to the Plans was, at best, tangential to the much greater involvement of the other co-Defendants.  Consequently, AmeriGuard seeks indemnification by and contribution from its four co-Defendants.

Taking first the opposition by Ezrine and SEBI, the Court is unpersuaded that they will be prejudiced or suffer undue delay by the Court's allowance of the cross-claim in the case. They claim they had no fiduciary responsibilities—a determination that cannot be made at this juncture of the case—and, therefore, it would be unfair to require them to defend AmeriGuard's cross-claim.  The scheduling order has been amended more than once, and time remains for the

parties to engage in appropriate discovery on the cross-claim. Ezrine and SEBI also contend that AmeriGuard should have known of the basis for its cross-claim sooner, but AmeriGuard responds that it was only in the litigation of this case that it became aware of the facts giving rise to the cross-claim. The Court perceives no unnecessary delay by AmeriGuard in seeking to bring this cross-claim, especially since its motion was timely filed according to the scheduling order. Ezrine's and SEBI's objections are without merit.

The Court has also considered Plaintiff's opposition, but finds it, too, is unmeritorious. The Court notes that Plaintiff's filing is captioned, "Secretary of Labor's Opposition to Defendant AmeriGuard Security Services, Inc.'s Motion to Amend Answer and Motion to Dismiss Cross-Claims"; however, the filing was not properly docketed as a motion. Beyond that, the Court sees two problems with Plaintiff's "motion to dismiss": first, it was filed speculatively while the amended answer and cross-claim is, as yet, undocketed; second, AmeriGuard's filing is a cross-claim against co-Defendants, not a counterclaim against Plaintiff. Plaintiff fails to explain how he has standing to file a motion under Federal Rule of Civil Procedure 12(b)(6)—the stated basis for Plaintiff's "motion" (Pl.'s Opp'n Supp. Mem. 9, ECF No. 58-1)—when that rule is clearly addressed to the procedure for a defendant's potential responses to a claim made in a pleading *against that defendant*. The Court finds no standing by Plaintiff to seek dismissal under Rule 12(b)(6), and to the extent Plaintiff's filing constitutes a motion, it is denied.

The core of Plaintiff's opposition is his contention that AmeriGuard's indemnification and contribution claims are not available under ERISA, a fact that renders AmeriGuard's motion to amend futile. In reality, the Circuits are split on the issue, *compare Chesemore v. Fenkell*, 829 F.3d 803, 811-13 (7th Cir. 2016) ("ERISA's grant of equitable remedial power and its

foundation in principles of trust law permit the courts to order contribution or indemnification among cofiduciaries based on degrees of culpability"), *cert. dismissed*, No. 16-473 (R46-005), 2017 U.S. LEXIS 907 (Jan. 19, 2017), *and Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15-18 (2d Cir. 1991) ("incorporating traditional trust law's doctrine of contribution and indemnity into the law of ERISA is appropriate"), *with Travelers Cas. & Sur. Co. of America v. IADA Services, Inc.*, 497 F.3d 862, 867 (8th Cir. 2007) ("ERISA does not create a right of contribution for Travelers against IADA Services, another fiduciary"), *and Kim v. Fujikawa*, 871 F.2d 1427, 1432-33 (9th Cir. 1989) ("we cannot agree with Fujikawa's contention that Congress implicitly intended to allow a cause of action for contribution under ERISA"), and the Fourth Circuit has not yet decided the question.  Within the Fourth Circuit, district courts are also of two minds.  *See, e.g.*, *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 363-64 (D. Md. 2004) (finding no right of contribution); *Cooper v. Kossan*, 993 F. Supp. 375, 376-77 (E.D. Va. 1998) (finding right of contribution).

As did the court in *Cooper*, this Court finds more persuasive the rationale of courts that allow a claim for contribution.  *Id.* at 377.  One reason for finding such a right is that, in enacting ERISA, Congress was focused on providing remedies for plan beneficiaries and participants and was content on letting courts applying traditional principles of trust law to fill the gaps.  *Id.* Additionally, disallowance of contribution claims would "frustrate ERISA's purpose of deterring plan abuse by allowing breaching fiduciaries to escape the consequences of their actions."  *Id.* "'Full responsibility should not depend on the fortuity of which fiduciary a plaintiff elects to sue.'"  *Id.* (quoting *Chemung*, 939 F.2d at 16).  Moreover, a contribution claim in this kind of case "does not conflict with ERISA's enforcement scheme, and it promotes both the enforcement of strict fiduciary standards of care as well as the beneficiaries' best interests."  *Id.*  Finally, the

Supreme Court has generally endorsed use of the common law of trusts as a touchstone for analysis of ERISA "[unless] it is inconsistent with the language of the statute, its structure, or its purposes." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999), *quoted in Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 250 (2000).

In contrast, the Court finds less persuasive the cases that rest upon Congress's omission of express language in favor of fiduciaries being able to seek indemnification and contribution. *See, e.g.*, *Kim*, 871 F.2d at 1432-33. Because allowance of a contribution claim does no violence to ERISA's remedial scheme and because it is consistent with the statutory grant of judicial authority to grant "appropriate equitable relief" in response to a claim by an ERISA plan participant, beneficiary, or fiduciary, 29 U.S.C. § 1132(a)(3), the Court concludes it is proper to allow AmeriGuard's cross-claim. Thus, its motion to amend is not futile and will be granted.

## II.  *Plaintiff's Motion to Deem Admitted Plaintiff's Requests for Admissions*

Plaintiff moves the Court to deem admitted Plaintiff's requests for admissions that were served upon Silva, who has proceeded *pro se* in this case. Plaintiff has clearly established that Silva has responded to neither the requests themselves nor Plaintiff's communications about the need for Silva's responses to the requests.

Under Rule 36(a)(3),

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Thus, Plaintiff is entitled to have its motion granted, with one qualification. Defendants Ezrine and SEBI have pointed out to the Court that Plaintiff served forty-four requests for admission on Silva, but the Court's Local Rule 104.1 limits a party to serving no "more than thirty (30)

requests for admission (other than requests propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records), including all parts and sub-parts." (Defs.' Ezrine *et al.*'s Opp'n 2.)[1]  In keeping with Local Rule 104.1, Plaintiff's motion will be granted as to its first thirty requests for admission and as to requests forty-one through forty-four, which come under the rule's exception for requests seeking authentication of documents.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendant AmeriGuard Security Services, Inc.'s Motion for Leave to Amend to Include a Cross-Claim (ECF No. 53) IS GRANTED.

2. The Clerk shall docket ECF No. 53-1 as AmeriGuard's Amended Answer with Cross-Claim.

3. Cross-Defendants SHALL ANSWER in the time accorded by the Federal Rules.

4. Plaintiff's Motion to Deem Admitted Plaintiff's Requests for Admissions (ECF No. 78) IS GRANTED as to requests one through thirty and forty-one through forty-four and IS OTHERWISE DENIED.

DATED this 21st day of February, 2017.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge

---

[1]  The Court is mindful that Ezrine and SEBI do not technically have standing to oppose Plaintiff's motion because they are not the ones at whom the motion is directed.  However, the Court considers it significant that Plaintiff filed no reply and did not refute Ezrine's and SEBI's volunteered observation, which is a valid point.