# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

R. ALEXANDER ACOSTA,

   Plaintiff

v.     CIVIL NO. JKB-15-3484

RICARDO SILVA *et al.*,

   Defendants

## MEMORANDUM AND ORDER

### *I. Background*

The Secretary of Labor ("Secretary") initiated this suit with a complaint of improprieties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendants are Ricardo Silva, Maryland Association of Correctional & Security Employees, Inc. ("MACSE"), Charles Ezrine, State Employee Benefits, Inc. ("SEBI"), AmeriGuard Security Services, Inc. ("AmeriGuard"), Maryland Association of Correctional & Security Employees Health & Welfare Plan ("Health Plan"), and Maryland Association of Correctional & Security Employees Retirement Plan ("Retirement Plan"). (Compl., ECF No. 1.)

Silva, proceeding *pro se*, filed an answer to the complaint.[1] (ECF No. 28.) After MACSE failed to answer the complaint, a default judgment was entered against it. (ECF Nos. 50, 113.) AmeriGuard was granted leave to file, and did file, a cross-claim against codefendants MACSE, Silva, Ezrine, and SEBI. (ECF Nos. 81, 82.) Ezrine and SEBI consented to judgment being entered against them in the Secretary's favor. (ECF No. 103.) However,

---

[1] Silva's answer was also purportedly filed on behalf of MACSE, the Health Plan, and the Retirement Plan, but as to those entities, the Court struck the answer as improperly filed. (ECF No. 43.)

MACSE, Ezrine, and SEBI, while dismissed as defendants, remain in the case as cross-defendants on AmeriGuard's cross-claim. The Health Plan and the Retirement Plan have not responded to the Secretary's complaint, but the Secretary has not requested entry of default or default judgment as to them.

Several motions are pending. The Secretary has filed a motion for summary judgment against Silva and AmeriGuard. (ECF No. 96.) AmeriGuard has filed a motion for summary judgment on its cross-claim against Silva, Ezrine, SEBI, and MACSE. (ECF No. 98.) Ezrine and SEBI have filed a cross-motion for summary judgment against AmeriGuard on the latter's cross-claim. (ECF No. 105.) Finally, AmeriGuard has filed a cross-motion for summary judgment against the Secretary as to the latter's complaint. (ECF No. 106.) Despite the active litigation, some of the parties are pursuing the possibility of resolution through negotiation. In recognition of those efforts, the Court shall address herein only the Secretary's motion for summary judgment and only as against Silva, who has not filed any opposition to the motion. No hearing on the motion is necessary. Local Rule 105.6 (D. Md. 2016). The motion will be granted as against Silva and will be held in abeyance as against AmeriGuard.

## II. Standard for Summary Judgment [2]

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any

---

[2] The Court notes that the Secretary has indicated in its recital of the governing standard that the Court "must accept well-pleaded factual allegations as true" when deciding a motion for summary judgment. (Mot. 1-2, ECF No. 96 (citing *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).) If this were a ruling on a motion to dismiss for failure to state a claim for relief, then that would be a correct statement. However, in deciding the propriety of summary judgment, the Court's focus is on the evidence of record, not allegations of the complaint.

2

genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## III. Analysis

With his motion, the Secretary filed a statement of undisputed material facts. (Statement, ECF No. 97.) The Court has reviewed all of the record evidence highlighted by the Secretary and has found it to be consistent with the Statement.[3] Further, with regard to Silva, the Court finds no genuine dispute of material fact.

Thus, the Court concludes the Secretary has undisputedly established the following as to Silva:

---

[3] The Statement is supported by all of the citations to record evidence with one exception: The Secretary referred in one instance to "Deposition of Department of Labor, hereinafter Ex. 15 pp. 31/3-31, 32/1-12." (*See* Statement ¶ 59.) No such document is in the record. However, because Silva has not disputed any of the facts put forth by the Secretary, the Court concludes the lack of this document does not create a genuine dispute of material fact. Also, the Secretary presented an additional citation in support of Paragraph 59, and that citation is to evidence properly found in the record.

The Health Plan and the Retirement Plan (the "Plans") were established by Silva and MACSE for the benefit of the security guard personnel employed by AmeriGuard at the Centers for Medicare and Medicaid Services ("CMS") in Woodlawn, Maryland.[4] The Health Plan has never had a plan document signed and executed by representatives of AmeriGuard and MACSE for the purposes of appointing fiduciaries and providing written procedures for the Health Plan's administration and management of assets as well as amendments to the Health Plan. The Plans were funded with employer contributions by AmeriGuard and fall within ERISA's coverage of employee benefit plans. 29 U.S.C. § 1003(a). AmeriGuard was expected to send three checks to MACSE on a monthly basis: one for union dues, one for Health Plan contributions, and one for Retirement Plan contributions. From August 2010 until approximately October 2012, MACSE deposited all three checks into MACSE's general operating account, commingling the Plans' assets with MACSE's funds.

Silva was the president and chief executive officer of MACSE, and he was the chief executive officer of Ricardo Silva & Associates, Inc. Silva was a trustee of both the Retirement Plan and the Health Plan, and he was an administrator of the Health Plan. He and MACSE were the Retirement Plan administrators. Silva exercised discretionary authority or discretionary control respecting the Plans' management as well as management or disposition of the Plans' assets. He was a party-in-interest and a fiduciary, as those terms are found in ERISA, with respect to the Plans. 29 U.S.C. § 1002(14)(A), (21)(A). The same is true of MACSE.

Silva determined that MACSE would charge the Health Plan a fee of five percent of the monthly Health Plan contributions for MACSE's administrative services. No written contract

---

[4] MACSE replaced the union that had previously represented AmeriGuard's employees at CMS. Upon MACSE's newly acquired status of representation, MACSE and AmeriGuard entered into a collective bargaining agreement and a bridge agreement that carried forward the prior union's rights and obligations.

between the Health Plan and MACSE existed for administrative services. In some months, MACSE received in excess of five percent of the monthly contributions.

Silva hired SEBI, which was owned by Ezrine, to provide day-to-day administrative services to the Health Plan. This arrangement existed pursuant to an oral contract between Silva and Ezrine. At Silva's direction, Health Plan assets were used to pay Retirement Plan expenses, including administrative costs and an amount owed by the Retirement Plan to the Internal Revenue Service. Additionally, at Silva's direction, Health Plan assets were used by MACSE to pay for union grievances and arbitrations and were also used to repay a loan made by Ricardo Silva & Associates to MACSE. MACSE did not forward all Health Plan contributions to the Health Plan. Further, Silva transferred Retirement Plan assets to MACSE; and he did not forward excess funds from the Health Plan to the Retirement Plan as required by the collective bargaining agreement when employees requested their optional Health Plan contributions to be redirected to the Retirement Plan. The total losses to the Health Plan are $263,845. The total losses to the Retirement Plan are $295,627.

The Secretary's investigator determined "lost opportunity costs" to the Plans by calculating interest from the time of each violation of ERISA to the time of filing the Secretary's motion for summary judgment on May 26, 2017, using the higher of the Internal Revenue Code underpayment interest rate established in 26 U.S.C. §§ 6621 and 6622 or the estimated Retirement Plan rate of return. The total amount of interest owed to the Health Plan for that period of time was $64,792.[5] The total amount of interest owed to the Retirement Plan for the

---

[5] The Secretary will be required to submit a revised calculation of interest as of the date of this memorandum and order.

same period was $83,940.[6] The total amount owed to the Plans as of May 26, 2017, was $705,642, reflecting both losses and interest.[7]

Having considered the evidence, the Court concludes the following:

Silva violated ERISA Section 402 by failing to execute a plan document for the Health Plan. He violated ERISA Section 403(a) by failing to ensure that the Health Plan's assets were held in trust. He violated ERISA Section 404(a)(1)(A) by failing to discharge his duties to the Health Plan solely in the interest of its participants and beneficiaries and for the sole purposes of providing benefits to them and defraying reasonable expenses in the Health Plan's administration. He violated ERISA Section 404(a)(1)(B) by failing to discharge those same duties with the same care, skill, prudence, and diligence that would be used under the prevailing circumstances by a prudent person acting in a similar capacity and with familiarity with similar matters in the conduct of a similar enterprise. He violated ERISA Section 406(a)(1)(C) by causing the Health Plan to engage in transactions that resulted in the furnishing of services between parties-in-interest. He violated ERISA Section 406(a)(1)(D) by causing Health Plan assets to be transferred to parties-in-interest. He violated ERISA Sections 406(b)(1), (b)(2), and (b)(3) by causing the Health Plan to engage in prohibited transactions. In like measure, Silva committed similar violations of ERISA with respect to the Retirement Plan. Moreover, as a fiduciary of both Plans, Silva is liable for others' breaches of ERISA with respect to those Plans; given the default judgment against MACSE and the consent judgment against Ezrine and SEBI, Silva is liable for MACSE's, Ezrine's, and SEBI's breaches. 29 U.S.C. § 1105(a)(3).

---

[6] See note 5, *supra*.
[7] See note 5, *supra*.

*IV. Conclusion*

The Court finds no genuine dispute of material fact as to the Secretary's complaint against Silva for violations of ERISA. Further, the Court concludes the Secretary is entitled to judgment against Silva as a matter of law. The Court hereby GRANTS the Secretary's motion to the extent it seeks judgment against Silva and HOLDS IN ABEYANCE the Secretary's motion to the extent it seeks judgment against AmeriGuard. Further, on or before March 16, 2018, the Secretary SHALL FILE a new proposed judgment form, only against Silva, with updated calculations of interest for both Plans; the Secretary's calculations shall reflect interest owed as of this memorandum and order's date.

DATED this 23rd day of February, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge