IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| R. ALEXANDER ACOSTA, Plaintiff | |
| v. | CIVIL NO. JKB-15-3484 |
| AMERIGUARD SEC. SERVS., INC., et al, Defendants | |

## MEMORANDUM

*I. Background*

The Secretary of Labor[1] filed suit on November 16, 2015, against Ricardo Silva, the Maryland Association of Correctional & Security Employees, Inc. ("MACSE"), Charles Ezrine, State Employee Benefits, Inc. ("SEBI"), AmeriGuard Security Services, Inc. ("AmeriGuard"), the Maryland Association of Correctional & Security Employees Health & Welfare Plan ("Health Plan"), and the Maryland Association of Correctional & Security Employees Retirement Plan ("Retirement Plan") (the Health Plan and the Retirement Plan, collectively, the "Plans"). (Compl., ECF No. 1.) Plaintiff alleged the above-named Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by breaching their fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109. (*Id.* ¶ 1.) Briefly, Plaintiff alleged Defendants failed to administer the Plans properly and ensure that contributions to the Plans were held in trust and used solely for the benefit of the employees who participated in the Plans. Those participants were employed by AmeriGuard to provide security for the

---

[1] Originally in this case, Thomas E. Perez. Edward C. Hugler was substituted for Perez on April 27, 2017. (ECF No. 91.) R. Alexander Acosta was substituted for Hugler on June 2, 2017. (ECF No. 104.)

Center for Medicare and Medicaid Services in Baltimore, Maryland. Thus, the central tenet of Plaintiff's lawsuit is that Defendants failed to carry out their fiduciary duties to the Plans.

On June 2, 2017, the Court entered a consent judgment against Ezrine and SEBI. (ECF No. 103.) A default judgment against MACSE was entered September 13, 2017. (ECF No. 113.) Plaintiff's motion for summary judgment against Silva and AmeriGuard was granted as to Silva only, and judgment was entered against Silva on March 20, 2018. (ECF Nos. 117, 120.) The Plans have not responded to the lawsuit, but Plaintiff has not sought judgment against them. Given that circumstance, the Court presumes Plaintiff does not intend for them to continue as parties in the case, and, consequently, the Court will dismiss them for failure to prosecute. AmeriGuard remains the only viable Defendant in this proceeding. In its amended answer to Plaintiff's complaint, AmeriGuard included a crossclaim against Ezrine, MACSE, Silva, and SEBI (ECF No. 82), to which Ezrine and SEBI filed answers (ECF Nos. 99, 100).

Now pending before the Court are the following motions:

- Plaintiff's motion for summary judgment against AmeriGuard (ECF No. 96)
- AmeriGuard's cross-motion for summary judgment on AmeriGuard's cross-claim against Ezrine, SEBI, MACSE, and Silva (ECF No. 98)
- Ezrine and SEBI's cross-motion for summary judgment against AmeriGuard on AmeriGuard's cross-claim (ECF No. 105)
- AmeriGuard's cross-motion for summary judgment as to Plaintiff's complaint (ECF No. 106)

The motions have had responses and replies (ECF Nos. 108, 109, 110, 111), and no hearing is required, Local Rule 105.6 (D. Md. 2016). Plaintiff's motion will be denied,

AmeriGuard's motion on Plaintiff's complaint will be granted, and AmeriGuard's motion on the cross-claim and Ezrine and SEBI's motion on the cross-claim will be found moot.

## II. *Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4). Each cross-motion for summary judgment is viewed separately on its own merits. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). "When considering each individual motion, the

court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Id.* (citation omitted).

*III. Analysis*

The core issue in Plaintiff's and AmeriGuard's dueling motions is whether AmeriGuard is a fiduciary under ERISA for the Plans. If it is a fiduciary, then AmeriGuard can be held liable for violating the ERISA standard of fiduciary care, as set forth in ERISA Section 404, 29 U.S.C. § 1104. "Fiduciary" is defined in ERISA as follows:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Plaintiff states in its motion, "AmeriGuard is a fiduciary of both Plans by virtue of its duty to appoint and monitor an employer representative to manage the Plans." (Pl.'s Mot. Summ. J. Supp. Mem. 6, ECF No. 96-1.) Plaintiff's contention that AmeriGuard is a fiduciary amounts to a bald allegation. Plaintiff has adduced neither evidence nor authority to support its allegation. The undisputed evidence in the case readily shows breaches of fiduciary duty primarily by Silva and MACSE, but also to a lesser degree by Ezrine and SEBI. The uncontested judgments against those parties speak for themselves in that regard. However, not only does Plaintiff seek to hold AmeriGuard liable as a cofiduciary for others' breaches, but Plaintiff also contends AmeriGuard committed its own breaches of fiduciary duty.

Specifically as to the latter contention, Plaintiff faults AmeriGuard because it was not involved in the establishment of the Plans, did not appoint a trustee to jointly administer the

4

funds, and did not participate in Plan administration. (Pl.'s Mot. Summ. J. Supp. Mem. 3.) Further, Plaintiff contends AmeriGuard had a duty, which it allegedly did not exercise, "to monitor the trustee it appointed."[2] (*Id.* 7.) Finally, Plaintiff asserts AmeriGuard "failed to execute a written health plan document in violation of Section 402 of ERISA." (*Id.* 8.)

Plaintiff does not explain why AmeriGuard should have been involved in the establishment by MACSE of the union's Plans or why it should have executed a written health plan document, presumably meaning the document establishing the union's Health Plan. It is clear from case law that unions often establish health and retirement plans without the involvement of employers; it is also true that employers establish such plans for their employees. Undoubtedly, it is also likely true that employers and unions jointly establish benefit plans. But Plaintiff has not directed the Court's attention to any statute or regulation that *requires* a union to involve an employer, or for an employer to involve a union, in establishing a benefit plan. As noted by Plaintiff in its Statement of Undisputed Facts,

> The Health and Retirement Plans (collectively, the "Plans") were established by MACSE and Silva pursuant to the collective bargaining agreement and bridge agreement the MACSE and AmeriGuard entered into when MACSE replaced the union that previously [served] AmeriGuard's employees at CMS.

(Pl.'s Statement ¶ 6, ECF No 97.) Thus, the plans were established without AmeriGuard's involvement, and as far as the Court is aware, that is perfectly permissible.

Plaintiff refers to the Taft-Hartley Act, 29 U.S.C. § 186, and suggests that one of its requirements relating to employer contributions to union benefit plans thereby makes AmeriGuard liable as a fiduciary to the Plans. (Pl.'s Mot. Summ. J. Supp. Mem. 3.) In particular, the Taft-Hartley Act permits an employer to make contributions to union benefit plans if "the detailed basis on which such payments are to be made is specified in a written agreement

---

[2] This contention is oddly stated since AmeriGuard did not appoint a trustee for the Plans.

with the employer, and employees and employers are equally represented in the administration of such fund . . . ." 29 U.S.C. § 186(c)(5).[3] In a leap of logic, Plaintiff then suggests the statute requires AmeriGuard to have been involved in the establishment of the union's Plans, without citation to any authority. (Pl.'s Mot. Summ. J. Supp. Mem. 3.) The "written agreement" specifying the "detailed basis" on which employer contributions are made to a benefit plan referred to in this statutory provision can just as easily be a collective bargaining agreement ("CBA"); the statute does not mandate that the "written agreement" be the same instrument by which "such fund" is established. Similarly unsupported is Plaintiff's notion that Taft-Hartley's requirement that "employees and employers are equally represented in the administration of such fund" somehow confers upon AmeriGuard the power and authority to appoint a trustee to the Plans. The statute is not susceptible to that construction. Neither is ERISA. And it is undisputed that neither the CBA nor any documents establishing the Plans or the Plans' trust funds granted such authority to AmeriGuard. *See Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992) ("The discretionary authority or responsibility which is pivotal to the statutory definition of 'fiduciary' is allocated by the plan documents themselves." (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

Plaintiff cites various cases for the uncontroversial proposition that one with the power to appoint a trustee to an ERISA plan is a fiduciary to such a plan and must be held liable for failure to exercise its power of appointment or to monitor its appointed trustee. But Plaintiff's case fails to cross the threshold into the territory of whether there was a proper exercise by AmeriGuard of fiduciary duty because Plaintiff has failed to establish that AmeriGuard was, in fact, a fiduciary. Not only did AmeriGuard have no authority to appoint a trustee, it also did not, in the words of

---

[3] Section 186(c)(5) sets out other requirements, such as an annual audit. Plaintiff has not discussed those in its motion for summary judgment.

the statute, have the power to "exercise[] any discretionary authority or discretionary control respecting management of such plan or exercise[] any authority or control respecting management or disposition of its assets, . . . or . . . [have] any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(i), (iii).[4] Again, Plaintiff has provided the Court with no source of authority for AmeriGuard to have exercised any discretionary authority or control over the management or administration of the Plans or over the assets of the Plans. The Taft-Hartley Act, notably, is primarily a criminal statute, with a provision granting jurisdiction to the federal district courts to "restrain violations" by means of civil injunction. But Plaintiff has not sought any relief pursuant to the Taft-Hartley Act, and nothing has been suggested to the Court that AmeriGuard is the subject of a criminal prosecution under the Act. Plaintiff's reliance on the Taft-Hartley Act is misplaced.

To the extent Plaintiff contends AmeriGuard is a fiduciary because it was required by the CBA to contribute money on behalf of its employees to the Plans (Pl.'s Mot. Summ. J. Supp. Mem. 7), the Court disagrees. The case of *In re Luna*, 406 F.3d 1192 (10th Cir. 2005), persuasively establishes that an employer is not an ERISA fiduciary simply because it agrees to make regular employer contributions to an ERISA-covered employee-benefit plan. *Id.* at 1204 (relationship between employer and benefit funds was contractual, not fiduciary). This contention has no merit.

*IV. Conclusion*

The Court concludes Plaintiff has failed to establish a key element of its case against AmeriGuard—that AmeriGuard was a fiduciary under ERISA, 29 U.S.C. § 1002(21)(A). *See*

---

[4] Plaintiff has not contended AmeriGuard rendered any investment advice to the Plans, or had authority or responsibility or authority to do so, which, if established by the evidence, would have conferred fiduciary status on AmeriGuard. 29 U.S.C. § 1002(21)(A)(ii).

7

*Gross v. St. Agnes Health Care, Inc.*, Civ. No. ELH-12-2990, 2013 WL 4925374, at *15 (D. Md. Sept. 12, 2013) (noting element of ERISA breach-of-fiduciary-duty case includes proof defendant was fiduciary of ERISA plan). Consequently, judgment will be entered in favor of AmeriGuard and against Plaintiff. The crossclaim, founded upon AmeriGuard's assertion of a right of contribution from the other Defendants, is moot, as are the cross-motions relating to the crossclaim. A separate order follows.

DATED this __29__ day of August, 2018.

BY THE COURT:

_____
James K. Bredar
Chief Judge