# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **R. ALEXANDER ACOSTA,** <br> Plaintiff | * | |
| v. | * | **CIVIL NO. JKB-15-3484** |
| **AMERIGUARD SEC. SERVS., INC.,** *et al*, <br> Defendants | * | |

## MEMORANDUM AND ORDER

Pending before the Court is the motion of Defendant AmeriGuard Security Services, Inc. ("AmeriGuard"), for an award of attorneys' fees. (ECF No. 129.) Plaintiff R. Alexander Acosta, the Secretary of Labor, has opposed the motion (ECF No. 133), and AmeriGuard has replied (ECF No. 138). No hearing is necessary. Local Rule 105.6 (D. Md. 2018). The motion will be granted.

AmeriGuard's request for attorneys' fees is pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Unless doing so is expressly prohibited by statute, EAJA permits a court to award "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(b). EAJA further mandates such an award, "[e]xcept as otherwise specifically provided by statute, . . . to a prevailing party other than the United States [of] fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other than cases sounding in tort), . . . brought by or against the United States . . . , unless the court finds that the

position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Whether the position of the United States was substantially justified is determined on the basis of the record in the civil action. 28 U.S.C. § 2412(d)(1)(B). The attorneys' fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The legislative history shows the figure of $125 per hour was set in 1996. In the case of a corporation who is a prevailing party, it is eligible for an award under § 2412 if, at the time the civil action was filed, its net worth did not exceed $7,000,000 and it had not more than 500 employees. 28 U.S.C. § 2412(d)(2)(B)(ii).

Having achieved total victory in the case by the Court's grant of summary judgment in AmeriGuard's favor and against the Secretary, AmeriGuard is clearly a prevailing party. It has also established to the Court's satisfaction that it did not have a net worth in excess of $7,000,000 or more than 500 employees at the time the suit was filed on November 16, 2015. (*See* Reijnders Affid., AmeriGuard's Mot. Ex. 1, ECF No. 129-2.) The total amount of fees requested by AmeriGuard is $104,203.50, and AmeriGuard has provided detailed time records supporting its request. (Hourigan Affid., AmeriGuard's Mot. Ex. 2, ECF No. 129-3.) The Secretary has not contested the reasonableness of the amount of fees requested; consequently, the amount of the award is not in dispute. *See E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 814 n.2 (4th Cir. 1994).

What the Secretary does contest is whether his position in this case as against AmeriGuard was substantially justified. The Supreme Court has opined that the statutory phrase

2

means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden of proof of substantial justification rests on the Secretary. *See Tyler Bus. Servs., Inc. v. N.L.R.B.*, 695 F.2d 73, 75 (4th Cir. 1982).

Merits decisions, standing alone, do not conclusively establish substantial justification or the lack thereof. However,

> they—and more critically their rationales—are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position. As such, they obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion.

*Clay Printing*, 13 F.3d at 815 (internal quotation marks omitted). Objective indicia are also relevant. *Underwood*, 487 U.S. at 568. These include such factors as "the terms of a settlement agreement, the stage in the proceedings at which the merits were decided, and the views of other courts on the merits." *Id.* Additionally, the Supreme Court noted in *Underwood*, "one would expect that where the Government's case is so feeble as to provide grounds for an EAJA award, there will often be (as there was here) a settlement below, or a failure to appeal from the adverse judgment." *Id.* at 560. Thus, a failure to appeal may be considered another objective indicator relevant to the substantial justification determination.

Turning first to the summary judgment in AmeriGuard's favor, the Court noted there that the Secretary's allegation that AmeriGuard was a fiduciary under the Employee Retirement Income Security Act ("ERISA") was a "bald" one, supported neither by facts nor by law. AmeriGuard had no authority or control over the employee benefit plans at issue, and it never

3

exercised authority or control over the plans or their assets. In short, AmeriGuard did not meet the ERISA requirements to be considered a fiduciary. The Secretary attempted to get around that obvious failure of proof by contending that AmeriGuard had a duty under the Taft-Hartley Act to appoint an employer representative to the benefit plans, but this case was not brought under the Taft-Hartley Act. The case was brought solely under ERISA, and it is ERISA's statutory definitions of "fiduciary" that controlled the ruling in AmeriGuard's favor. Moreover, despite the Secretary's current effort to claim his Taft-Hartley argument created a question of first impression, which, therefore, imbued his case against AmeriGuard with substantial justification, the Secretary fails to respond fully to the standard he himself relies upon in the unpublished case of *So. Dredging Co., Inc. v. United States*, 96 F.3d 1439 (4th Cir. 1996) (*per curiam*). There, the Circuit opined that the "substantially justified" standard "allows the government to advance 'in good faith . . . *novel but credible* . . . interpretations of the law that often underlie vigorous enforcement efforts.'" 96 F.3d at *3 (emphasis added). Unlike the *So. Dredging* case in which the Circuit observed, "the government made a credible case for its own statutory interpretation given the legislative history, the principle regarding broad interpretations of environmental enforcement regulations, and the Executive Order," *id.*, here, the Secretary's "novel" interpretation of Taft-Hartley and ERISA was not also "credible." The Secretary provided no legislative history showing Congress intended ERISA's definitions of "fiduciary" to hinge upon any language in the Taft-Hartley Act. The Secretary's argument was created out of whole cloth spun from thin air. The Court concludes the Secretary's case against AmeriGuard was not substantially justified. That conclusion is buttressed by an objective indicator: the Secretary's failure to appeal the adverse judgment against him.

Therefore, AmeriGuard is entitled to an award of attorneys' fees under EAJA. AmeriGuard's supporting detail indicates its attorneys' fees (including paralegal fees) are modest in relation to prevailing market rates.[1] Even so, the Court must be cognizant of the statutory proscription against rates higher than $125 per hour unless supported by an increase in the cost of living or by other special factors. The Court does not find any special factors other than cost of living to be applicable. As for the increase in cost of living since 1996 when the $125 per hour rate was set, AmeriGuard has provided information indicating that the permissible hourly rate, if one accounts for the cost of living, is now appropriately set at $203.02. (CPI Inflation Calculator, U.S. Dep't of Labor, Nov. 27, 2018, AmeriGuard's Mot. Ex. 3, ECF No. 129-4.) The Court will use that figure as the maximum allowable rate. Doing so only affects the rates charged by the shareholders Craig F. Ballew and Michael K. Hourigan, who customarily charge $250 per hour. The two associate attorneys, usually compensated at $160 per hour, and the two paralegals, usually compensated at $90 per hour, are not affected by the maximum allowable rate. At $203.02 per hour instead of $250, the total permissible fee for the time of Attorneys Ballew and Hourigan is $70,782.92. Added to the already permissible fees of $16,672 for Associate Attorneys James K. Howard and Rafiq R. Gharbi and $369 for Paralegals Vanessa L. Wallace and Nicole M. Cook, the total amount awarded to AmeriGuard for attorneys' fees is $87,823.92.

In accordance with the foregoing, it is hereby ORDERED:

1. AmeriGuard's Motion for Award of Attorneys' Fees (ECF No. 129) is GRANTED.

2. AmeriGuard is AWARDED $87,823.92 for attorneys' fees.

3. Within 21 days of this order, Plaintiff Acosta SHALL PAY the amount of $87,823.92 to AmeriGuard by sending a check for the same in care of AmeriGuard's attorneys,

---

[1] The Court refers to its own attorney's fee guidelines in Appendix B to its Local Rules.

Ferguson Schetelich and Ballew PA, 100 S. Charles St., Suite 1401, Baltimore, MD 21201.

DATED this 7 day of February, 2019.

BY THE COURT:

James K. Bredar
Chief Judge